# CAROLINE COLLINS

## *v.*

## SAMUEL WOODS *et al.*

1. WIDOW'S DOWER—*bequest in lieu of.* A bequest with conditions, made expressly in lieu of dower, must be permitted to have the effect prescribed, if accepted by the wife with a proper understanding of her position.

2. PROOF OF HER RELINQUISHMENT. The sale of the property by the executor under authority of the will, in her presence and with her verbal consent, and her voluntary removal from the homestead, concludes her rights in the case.

3. ESTOPPEL. Having proceeded so far as to induce innocent parties to act upon the faith of her acceptance, and to expend their money, she must, by the just principles of equitable estoppel, be held to her election.

APPEAL from the Circuit Court of Macoupin county; the Hon. H. M. VANDEVEER, Judge, presiding.

Mr. GEO. W. HAMILTON, for the appellant.

Mr. W. R. WELCH, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

In May, 1866, Milton Moore died, leaving a widow and children. His will was duly probated, and in it he directed his personal and real estate to be sold by his executors, and the proceeds, after the payment of certain debts and legacies, to be appropriated as follows:

"It is my will that all the rest, residue, and remainder of the proceeds of my entire estate, real and personal, shall be used and enjoyed by my wife, Caroline Moore, in lieu of dower, for the support and maintenance of herself and our children during her life or widowhood, and in case of her death, to be equally

divided between the said children last named; but in case of her marriage, it is my will that the said proceeds shall be divided equally between my wife and my said children, Elizabeth, Milton, Clarinda, George, Allen and David, and their heirs, or the survivors of them."

All the real estate, including the homestead, was sold by the executors to one Wood, who afterwards sold to Deeds. About eighteen months after the sale by the executors, the widow intermarried with Thomas Collins, and this bill is brought by her to recover dower in the real estate of which her former husband died seized.

The bequest to the widow of the use and enjoyment of the whole of the proceeds of the estate during her widowhood, and of a distributive share absolutely in the event of her marriage, being made expressly in lieu of dower, must be permitted to have that effect if accepted by the wife with a proper understanding of her position. It is shown conclusively by the testimony, one of the witnesses being her deceased husband's brother, and one of the executors, that she was fully advised of her rights, and consulted in regard to the sale of the farm to Wood. The sale was, indeed, made in her presence. She offered no objection, and when, afterwards, she expressed some dissatisfaction, the purchaser proposed to relinquish his purchase, but she declined to have this done, and moved off the place, giving him possession. It is to be remarked that the sale of the real estate was not necessary in order to pay the debts or specific legacies, and when the widow consented to the sale, she must have known that the object of the executors was to create the fund required by the will to be raised for the benefit of herself and children. At that time, she was entirely satisfied with this provision made for her in her husband's will, and so expressed herself. If she had received the proceeds of the sale, it could not have been contended that she would still be entitled to dower, as these proceeds were, by the express terms of the will, to be in lieu of dower. If a widow claims

the benefit of a testamentary provision made in her behalf, she must do so upon the terms imposed by the testator. *Brown* v. *Pitney*, 39 Ill. 468. In this case, when the widow consented to the sale of the land for the purpose of raising the fund designed for her benefit, and declined to have it rescinded, she accepted the provisions of the will, and manifested her election to take under it, as completely as if she had received the money. She had proceeded so far as to induce innocent persons to act upon the faith of her acceptance and to expend their money, and now, by the just principles of equitable estoppel, she must be held to her election. To permit her now to retract, would operate as a fraud upon the purchaser.

The explanation of this difficulty may be inferred from the evidence. At the time of the sale, the complainant, probably, had no intention of contracting a second marriage, and if she had not married, the provision made for her in the will would have been much larger than the value of her dower. Her marriage reduced her share to that of one of the six children, and her dower now would furnish the larger fund. But we must regard her as having clearly manifested her election to take under the will, and equitably estopped from claiming dower.

*Decree affirmed.*