SARAH M. HOPPIN

*v.*

FRANK M. HOPPIN.

*Filed at Springfield September 30, 1880.*

1. DOWER—*release in trust deed.* A widow and heirs borrowed money with which to pay debts against the estate, and to secure the same and a debt against the estate, they gave deeds of trust, and a mortgage containing a covenant of warranty against all incumbrances, and afterwards, on bill filed by a creditor on behalf of himself and other creditors, the debts owing by the estate were declared a lien upon the lands embraced in the trust deeds and mortgage, and the lands were ordered to be sold for the payment of all the debts, including those secured by the trust deeds and mortgage, the decree, however, not setting aside those instruments, but only depriving them of any priority of lien in exclusion of the creditors of the estate, and the lands were sold as decreed: *Held,* the sale under the decree did·not render the widow's release of dower in the trust deeds and mortgage inoperative, and restore her dower as against the grantee in the deeds of trust who became the purchaser under the decree for the benefit of the parties secured by the trust deeds and mortgage.

2. SAME—*estoppel by covenant of warranty.* Where a deed of trust is made by a widow in connection with the heirs of an estate, to secure a debt due from the estate and money borrowed to pay other debts, the deed containing a covenant of warranty against all incumbrances, this will operate to estop the widow from afterwards setting up a claim to dower in the same lands as against parties claiming title under the trust deed, and the fact that the lands have been also sold under a decree of court for the benefit of all the creditors of the estate, placing the debts secured by the trust deed upon an equal footing with the other debts of the estate, will not prevent the application of this rule.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. CHARLES S. ZANE, Judge, presiding.

Messrs. PATTON & LANPHIER, for the appellant:

The estate conveyed by Mrs. Hoppin and the heirs was extinguished by the sale under the decree to pay the debts of the estate, which were liens. *Blain* v. *Harrison,* 11 Ill. 384; *Summers* v. *Babb,* 13 id. 483; *Gove et al.* v. *Cather,* 23 id. 634;

*Littlefield* v. *Crocker*, 30 Me. 192; *Fitzmiller* v. *Rensselaer*, 10 Ohio St. 63; *Taylor* v. *Fowler*, 18 id. 567; *French* v. *Crosby*, 61 Me. 502; 2 Scrib. Dow. 294; *Walker* v. *Griswold*, 6 Pick. 417.

There can be no estoppel, if the truth appears on the face of the deed. All parts must be construed together. Bigelow on Estoppel, 293.

The right of dower in a widow, until it is assigned, is no estate in the land, but it is a right resting in action only, and it can not be aliened. She may release it so as to bar herself the right of asserting it against the owner in fee, but she can not invest any one with it,—she alone can get it assigned. If she can confer no right, she can not part with any. *Blain* v. *Harrison*, 11 Ill. 384.

" The doctrine seems to be well and almost uniformly settled that until assignment, the widow's dower is merely inchoate." *Hoots* v. *Graham*, 23 Ill. 81; *Robbins et al.* v. *Kinzie*, 45 id. 354.

What was the effect of the sale under the decree, as to the interest of the heirs, conveyed by the prior deeds? Did it not defeat the conveyance to that extent? So far as their interests were concerned, the sale to pay debts, which were liens against the land, rendered nugatory the deeds, and it was as though none had ever been made. The sale by the trustee, after the sale under the decree, was a mere sham. There was nothing to dispose of. The rights of the heirs were all gone, and the widow's dower right as an estate was a mere shadow. The substance departed from the holders of the deeds of trust when the master made his sale and deed thereunder. The position counsel take respecting the trustee's sale is paradoxical. They say it was made to dispose of the dower, admitting that the residue of the estate was conveyed by virtue of the master's deed. If she was estopped by her deeds, what did they sell for? An estoppel vests no title. It merely prevents the assertion of a claim successfully. If the trustee had the right of dower and could transfer it by

sale, he held it as an interest detached from the fee. But this could not be until its assignment. *Blain* v. *Harrison*, 11 Ill. 384; *Hoots* v. *Graham*, 23 id. 81; *Bailey* v. *West*, 41 id. 290; *Robbins et al.* v. *Kinzie*, 45 id. 354; *Johnson* v. *Montgomery*, 51 id. 185; *T. P. and W. R. R. Co.* v. *Curtenius*, 65 id. 120.

Messrs. BAILEY & SEDGWICK, for the appellee:

A widow may release her dower to the equitable owner of the fee as well as to the legal owner. *Bailey* v. *West*, 41 Ill. 290.

In seeking to defeat the claim of dower the defendants are not obliged to confine themselves to any one chain of title. If one chain proves defective for that purpose, they may resort to another. *Owen* v. *Robbins*, 19 Ill. 555.

She joined with the heirs in this mortgage and these trust deeds with the purpose of conveying the entire estate in the lands free of dower, and received the consideration expressed in such mortgage and deeds. She is, therefore, estopped to set up her dower as against a purchaser on foreclosure thereof.

A widow may estop herself of dower in her deceased husband's estate by acts. *Collins* v. *Wood*, 63 Ill. 285; *Skinner* v. *Newberry*, 51 id. 203; 1 Wash. Real Property, 205; 2 Smith's Leading Cases, 717.

When Mrs. Hoppin executed the deeds she was a *feme sole*, and capable of being forever estopped from claiming dower, or any other interest which she might have had in the land, by her covenants of warranty and recitals therein, as against the grantees therein, and all persons claiming under them. 1 Wash. Real Property, 249; *Byrne* v. *Morehouse*, 22 Ill. 693; *Chicago Dock Co.* v. *Kinzie*, 49 id. 289; *Robbins et al.* v. *Kinzie*, 45 id. 359; 2 Smith's Lead. Cases, 708, 733.

If dower should afterwards be set out to her, the estoppel would at once transfer it to us, for estoppel does transfer estates, though counsel deny it in their brief. *Rigg* v. *Cook*, 4 Gilm. 336; *King* v. *Gilson's Admx.* 32 Ill. 348; *Gochenour* v. *Mowry*, 33 id. 331.

The law does not favor a claim of dower which the claimant has once sought in good faith and for a valuable consideration to relinquish, and has done whatever at the time was deemed necessary to make such relinquishment complete. *Johnson* v. *Montgomery,* 51 Ill. 185.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a petition of Sarah M. Hoppin, widow of Franklin B. Hoppin, deceased, claiming dower in certain real estate of which her husband died seized, and asking that it be assigned to her; the petition stating that Jacob Bunn, John W. Bunn, George M. Brinkerhoff and the Ætna Life Insurance Company claim some interest in the premises, subject, however, to the rights of the petitioner.

It appears that Franklin B. Hoppin died in Sangamon county, in this State, June 1st., 1865, siezed of a large estate, leaving the petitioner, his widow, and two children surviving him. . He was much involved at the time of his death. The petitioner was appointed administratrix of the estate. Creditors made proof of their claims, and a large amount of the indebtedness of the estate was paid by the administratrix. Among those who proved their claims were Jacob and John W. Bunn. They being the largest creditors, their claim amounting to some $15,000, an extension of time of payment was given, upon Mrs. Hoppin and the heirs executing a deed of trust upon the real estate to George M. Brinkerhoff, trustee, to secure the payment of the claim.

The Ætna Life Insurance Company loaned $7000 on a portion of the real estate, and Mrs. Hoppin and the heirs executed a deed of trust thereon to said Brinkerhoff, to secure payment of the same.

Afterward, the same company loaned $25,000 more on the remaining portion of the real estate, and Mrs. Hoppin and the heirs executed a mortgage thereon to the company to secure the payment of this last loan. The most of this amount of $32,000 borrowed from the insurance company was

applied by Mrs. Hoppin to the payment of debts against the estate. Subsequently, one John Kavas, a creditor of the estate, filed his bill in his own behalf and all other creditors who wished to participate in the benefit of such proceeding, to establish and enforce their priority over the deeds of trust and mortgage made by Mrs. Hoppin and the heirs, to which the Insurance Company, Brinkerhoff the trustee, Mrs. Hoppin administratrix of the estate, the heirs, and the Bunns, and others were made parties. - The insurance company, Brinkerhoff and the Bunns filed answers, setting up their deeds of trust and mortgage. Mrs. Hoppin was defaulted. A decree was rendered by which the proved claims against the estate were declared prior liens, and directing the master in chancery to sell the lands in question for the purpose of paying the debts proved against the estate, unless the insurance company, Brinkerhoff or the Bunns, or some of them, within a time limited, should pay the indebtedness found to be due the claimants, and that he should execute a deed to the purchaser free from any lien created by said deeds of trust and mortgage. The insurance company, Brinkerhoff and the Bunns failing to pay said indebtedness the master in chancery sold the lands under the decree to said Brinkerhoff for the sum of $44,515.48 and made to him a deed therefor.

The circuit court, upon a final hearing, dismissed the petition. On appeal to the Appellate Court for the Third District, the decree was affirmed, and an appeal taken to this court.

The only question made is, as to whether dower is barred by the said deeds of trust and mortgage.

The ground upon which a right of dower is here asserted, notwithstanding the deeds of trust and mortgage made by Mrs. Hoppin and the heirs, is, that the estate conveyed by her and the heirs was extinguished by the sale under the decree in the Kavas case to pay the debts of the estate which were liens, and that such sale operated to restore to her her dower.

In support of such claim, the principle declared in *Blain* v. *Harrison*, 11 Ill. 387 and other cases, is relied on, viz: That

when a wife joins in a deed with her husband for the purpose of releasing her dower in the estate conveyed by the husband, if the deed is void, or becomes inoperative as to the husband, or conveys no lands or tenements for want of title in him, then it is not allowed to operate so as to bar the right of dower in the wife.

It is contended that by the aforesaid decree, and sale under it, the deeds of trust and mortgage have been rendered inoperative, that the sale to pay debts of the estate which were liens against the land rendered nugatory the deeds of trust and mortgage, and it is as though none had ever been made.

The debt secured by the Bunn deed of trust was an indebtedness against the estate, and this was one of the claims, to pay which, the lands were decreed, in the Kavas case, to be sold.    The Ætna insurance company was, by the decree of the court, subrogated to the rights of the creditors of the estate whose debts were paid with the money the company loaned; such debts amounting to $32,888.52.   So that the decree in that case in effect was, that the lands described in the deeds of trust and mortgage be sold to pay the debts secured by the deeds of trust and mortgage—that to the Bunns, directly, and that to the insurance company, by subrogation—equally with the other debts against the estate; that all of the said debts should share *pro rata* in the proceeds of the sale.

The substantial effect then is this:  The statute charged these lands with the payment of the debts of the estate. The widow and heirs saw fit to give to the Bunns and the insurance company deeds of trust and mortgage on the lands to secure the payment of their debts.   But the lands are not permitted by said decree to be appropriated under the deeds of trust and mortgage *exclusively* to the payment of the debts therein named, but are applied to the payment, in common, of all the debts against the estate *pro rata*, including among them, directly and by subrogation, these debts which the deeds of trust and mortgage were given to secure.

Brinkerhoff, the trustee named in the deeds of trust, buys the lands upon the sale under the decree, for the benefit of the insurance company and the Bunns, the principal part of the proceeds of the sale going to satisfy their claims.

To be sure, under the decree, the insurance company and the Bunns might have paid the other debts within the time limited, and held their deeds of trust and mortgage unimpaired in effect. This, it is contended was the only course for them, in order to have any benefit whatever from their securities.

The result of the proceedings and decree in the Kavas case has not been to divert the lands described in the deeds of trust and mortgage entirely from the payment of the debts named therein, but they are applied in part to such payment. That such application has not strictly been made by virtue of these deeds of trust and mortgage, in the foreclosure thereof, and that they have been denied to have their full intended effect of an exclusive security, seems to be no just reason for restoring to the petitioner the right of dower which she released by the trust deeds and mortgage.

It was upon the strength of the execution, by herself and the heirs, of the deeds of trust and mortgage, that she was enabled to borrow this large amount of money from the insurance company. Without such release of her right of dower, she would not, it may be presumed, have been able to obtain the money. To allow this claim of dower to be here asserted, would be to detract from the security which the petitioner voluntarily gave—to take away from the defendants secured by said trust deeds and mortgage, and give back to her this much of the security she pledged for the payment of the debts secured by these deeds of trust and mortgage.

This would be unjust, and the rule of law above referred to would not seem to be applicable in the circumstances of this case.

But there is another view which, in our judgment, is conclusive against the petitioner.

The deed of trust to Brinkerhoff to secure the debt of the insurance company, as also the mortgage to the insurance company, contained full covenants of title—among them, a covenant that the lands were free from all incumbrances, and a covenant of general warranty. After the sale under the decree, Brinkerhoff, as trustee, under the two deeds of trust to him—one for the benefit of the insurance company, the other for the benefit of the Bunns—sold the lands to John W. Bunn, and made to him a deed therefor. The deed of trust and mortgage to the insurance company executed by the petitioner and heirs did not purport to convey any particular right or interest in the land, but the unincumbered fee, unqualifiedly, with full covenants of title as named. The petitioner at the time was sole and under no disability. We are of opinion that these instruments and the covenants contained in them estop the petitioner from demanding dower against these defendants, the grantees therein, and those claiming under such grantees.

Upon this subject, in *Jones* v. *King,* 25 Ill. 388, this court said: " A fee simple estate was granted by the deed, the title to which the defendant covenanted to warrant and defend against the claims of all persons whomsoever, so that it is not now in his power to deny that the plaintiffs, the heirs at law of defendant's grantee and warrantee, are not seized in fee of the lot of ground. We understand it to be a well settled principle of the common law, that if one conveys lands, or other real estate, with a covenant of general warranty against all lawful claims and demands, he can not be allowed to set up against his grantee, or those claiming under him, any title he himself may subsequently acquire from another, by purchase or otherwise. Such new title will inure, by way of estoppel, to the use and benefit of his grantee, his heirs or assigns. This principle is founded in equity and justice, for it is not just that a party should be permitted to hold or recover an estate, in violation of his own covenant." In the language of FIELD, Ch. J., in *Clark* v. *Baker,* 14 Cal. 630:

" He (warrantor) is not permitted to attack a title, the validity of which he has covenanted to maintain."

In *Van Rensselaer* v. *Kearney*, 11 How. 325, after a review of the cases, the court say: " The principle deducible from these authorities seems to be that, whatever may be the form or nature of the conveyance used to pass real property, if the grantor sets forth on the face of the instrument, by way of recital or averment, that he is seized or possessed of a particular estate in the premises, and which estate the deed purports to convey; or, what is the same thing, if the seizin or possession of a particular estate is affirmed in the deed, either in express terms or by necessary implication, the grantor and all persons in privity with him shall be estopped from ever afterwards denying that he was so seized and possessed at the time he made the conveyance. The estoppel works upon the estate, and binds an after-acquired title as between parties and privies. The reason is, that the estate thus affirmed to be in the party at the time of the conveyance must necessarily have influenced the grantee in making the purchase, and hence the grantor and those in privity with him, in good faith and fair dealing, should be forever thereafter precluded from gainsaying it." And see *Foss* v. *Strachn*, 42 N. H. 40.

The covenant here was that the lands were free from all incumbrances. The petitioner, under the authorities, is precluded from denying this. The covenant operates to avoid circuity of action, by way of rebutter, and estops the petitioner from setting up the incumbrance of dower.

If dower should be set out to the petitioner, it would at once pass by way of estoppel under the covenant of warranty, to the defendants claiming under the trust deed and mortgage. As said in *Jones* v. *King, supra*, it is not just that a party should be permitted to recover an estate in violation of his own covenant.

The decree in the Kavas case did not set aside the deed of trust and mortgage, or render them inoperative. It but deprived them of their *exclusive* effect as security. We see

no reason why the grantees therein, and those claiming under them, should not enjoy the benefit of the covenants.

We think the decree dismissing the petition was right, and the decree of the Appellate Court is affirmed.

*Decree affirmed.*