## John Quincy Adams *et al.*

*v.*

## Maria P. Storey.

*Filed at Springfield November 25, 1890.*

1. Dower—alimony—*dower defined.* Dower is the provision which the law makes for a wife out of the lands and tenements of her husband, for her support and maintenance after his death.

2. Same—*right of dower a continuing one—to what extent.* In this State, the right of a wife to be endowed of the one-third part of all the lands whereof her husband is seized of an estate of inheritance at any time during the marriage, is a statutory as well as a common law right. Such right continues unless voluntarily relinquished, or is barred for one of the causes provided by the statute, or she is, by some rule of law, precluded or estopped from asserting it.

3. Same—*alimony defined.* Alimony is the allowance which is made to a woman, on a decree of divorce, for her support, out of the estate of her husband. It is the equivalent of the obligation of the husband to furnish his wife with a support and maintenance. By the English law, alimony is given only during the joint lives of the parties.

4. Same—*after divorce—allowance in lieu of dower.* Where, after a divorce in favor of a wife, by consent of both parties, an annual allowance was decreed, and secured by lien on certain real estate of the husband, and also by his bond and deed of trust upon the same real estate, it was *held,* that the allowance so decreed would be presumed to have been in lieu of the wife's dower.

5. And in such case, where the wife enters into an agreement with her husband, under which she is secured in an annuity for life, by decree, and also by mortgage, and receives such annuity after her husband's death, she will be estopped from asserting any claim to dower in the same premises securing her annuity.

6. A widow can not have both dower and what is given in lieu of dower.

Writ of Error to the Circuit Court of Cook county; the Hon. M. F. Tuley, Judge, presiding.

This writ of error was sued out to reverse a decree of the circuit court of Cook county, assigning dower in a lot of ground fronting twenty feet and four inches on Dearborn street, in

Chicago, and being a part of lots 1 and 2, of block 57, in the original town of Chicago, to Maria P. Storey, the defendant in error.

Prior to February 17, 1868, defendant in error was the wife of Wilbur F. Storey, and on that day was divorced from him by said circuit court, on the ground of his willful desertion. During the coverture he was seized in fee of the above mentioned premises. The decree for alimony entered in said divorce suit was as follows: "And the cause further coming on to be heard on the question of alimony and maintenance of the said complainant, it is thereupon; by and with the consent of the said parties plaintiff and defendant, ordered, adjudged and decreed that the said defendant, Wilbur F. Storey, pay or cause to be paid, to and for the use of the said complainant, for so long as she may be and remain sole and unmarried, the sum of $2000 per annum, to be paid to her quarterly, in installments of $500 each, the first of which shall be payable on the first day of June, A. D. 1868, and the same sum every three months thereafter, during the time aforesaid, at such place or places in Chicago as she shall, from time to time, appoint; and further, that said sums of money shall be, and they are hereby declared to be, a lien and a charge upon the following premises and lands, but upon none other, situate in the city of Chicago, county of Cook, and State of Illinois, viz," (particularly describing the premises first above mentioned.) The decree further provided, that the defendant therein should execute and deliver a mortgage or trust deed to said premises (to be approved by the master in chancery) to Sidney Myers, in trust for Maria P. Storey, as security for the payment of said alimony and the performance of all the requirements of said decree, and that during the time and continuance of said lien and charge he should well and truly pay all taxes and assessments, ordinary and extraordinary, laid or assessed against said premises, and should, at his own costs and charges, keep the rents of the building on said premises insured to the

29—135 ILL.

amount of $2000 per annum, for the benefit of the said Maria P. Storey, so long as her interest therein should continue.

On the day of the entry of said decree said Wilbur F. Storey executed to said Maria P. Storey a bond, in the penal sum of $50,000, and therein bound himself, his heirs, executors and administrators, for the payment of the same. The condition of the bond recited the provisions of the decree, and the obligor agreed therein to stand to, abide by and perform the terms of such decree, and to pay all taxes and assessments, and to insure the rents of the building on the premises to the amount of $2000 per annum, for the benefit of said Maria P. Storey, such insurance to be kept up as long as said sum of $2000 per annum shall be payable, as provided in said decree, and the duty of keeping up said insurance to be binding upon his heirs, executors and administrators, and upon the grantees and assigns of said premises.

On the same day said Wilbur F. Storey executed and delivered to said Sidney Myers a trust deed for the premises above mentioned, which deed contained full covenants of warranty, and a covenant that the premises were free and clear from all liens and incumbrances whatsoever. Said deed was given to secure the bond above described, and the prompt and punctual performance of the conditions thereof, and in it the grantor again agreed to do and perform, all and singular, the matters and things specified in the decree, and in the bond and the conditions thereof. The trust deed further provided, that in case of default on the part of the grantor, his heirs, executors, administrators or assigns, the trustee or his successor in trust might sell the mortgaged premises, or any part thereof, and convey the same, to the highest bidder, for cash, etc., and that he should apply the proceeds of sale, *first*, to the payment of expenses, etc.; *second*, should pro rate the residue to the payment, satisfaction and performance, from time to time, of the conditions and agreements contained and set forth in the bond, while and so long as the same should

remain in force, and to the performance of the requirements of the order and decree; and *third*, that after that shall have been done, then to render the overplus, if any, to the grantor, his heirs or assigns.

On August 8, 1882, Wilbur F. Storey conveyed said premises, by warranty deed, to John Quincy Adams, one of the plaintiffs in error, subject, however, to the lien of the trust deed to Sidney Myers. On July 1, 1884, said John Quincy Adams leased said premises to Lorenz P. Hansen, the other plaintiff in error, for a term of ninety-nine years, at an annual rental of $6000, and all taxes and assessments.

Said Wilbur F. Storey died on the 27th day of October, 1884. Thereafter, on August 5, 1887, Maria P. Storey, his divorced wife, the now defendant in error, filed this petition against the plaintiffs in error, for the assignment of dower to her in the premises in question. Answers and replications were filed, and upon the hearing the circuit court decreed that the petitioner was entitled to dower in the premises, and that she have and recover dower therein; that the premises were not susceptible of division; that she have and recover as an allowance, in lieu of dower, the sum of $1186 annually, from the date of the decree and during her actual life; that she recover from Adams and Hansen the sum of $666.67 damages from the date of the filing of the petition, and further recover from Hansen the sum of $2625 damages from the 20th day of December, 1884, to the commencement of suit, etc.

Messrs. WEIGLEY, BULKLEY & GRAY, for the plaintiffs in error:

Dower is a provision for the support and maintenance of the wife after the husband's death, out of his estate. 2 Blackstone's Com. 130; *Sisk* v. *Smith*, 1 Gilm. 511.

Alimony is a provision for the support and maintenance of the wife after divorce or separation, and during the joint lives of the two. *Stillman* v. *Stillman*, 99 Ill. 196; *Lennahan* v. *O'Keefe*, 107 id. 626.

Dower, like any other right, may be barred by acts and conduct sufficient to constitute an equitable estoppel. *Smiley* v. *Wright*, 2 Ohio, 511; *Dangery* v. *Topping*, 4 Paige, 94; *Ellis* v. *Diddy*, 1 Ind. 562; *Connelly* v. *Branstler*, 3 Bush, 702; *Collins* v. *Woods*, 63 Ill. 285; *Allen* v. *Allen*, 112 id. 323.

A widow may also bar her dower by entering into conveyances or contracts inconsistent with the right and claim of dower. *Hoppin* v. *Hoppin*, 96 Ill. 265; *Lenfers* v. *Henke*, 73 id. 405; *Magee* v. *Mellon*, 23 Miss. 585; *Carter* v. *Walker*, 2 Ohio St. 339.

A widow may also estop herself from claiming dower, by *laches, (Gilbert* v. *Reynolds*, 51 Ill. 513,) or her dower may be barred by reason of the covenant of the ancestor of the widow. *Torrey* v. *Miner*, 1 S. & M. 489.

Under the statute, the court may, when the justice of the case requires it, decree a sum in gross in full satisfaction of the yearly alimony. *Armstrong* v. *Armstrong*, 35 Ill. 113.

A sum in gross allowed in lieu of alimony is a bar to further claims. *Plaster* v. *Plaster*, 47 Ill. 290; *Tatro* v. *Tatro*, 18 Neb. 395.

When a matter is finally determined in an action between the same parties, by a competent tribunal, it is to be considered at an end, not only as to what was determined, but also as to every other question which the parties might have litigated in the case. *Petersine* v. *Thomas*, 28 Ohio St. 596; *Marvin* v. *Collins*, 48 Ill. 156; *Harrer* v. *Wallner*, 80 id. 197; *Chester* v. *Chester*, 17 Mo. App. 657; *Johnson* v. *Johnson*, 65 How. Pr. 517.

Where a claim for dower is inconsistent with some other provision made for the widow, she will be compelled to elect which she will take. If she elects and takes the benefit of such provision made for her, she will be barred and estopped from claiming dower. She can not claim both. *Warfield* v. *Casselman*, 5 T. B. Mon. 517; *Taggard's Appeal*, 99 Pa. St. 627; *Endicott* v. *Endicott*, 41 N. J. Eq. 93; *Lively* v. *Paschel*,

35 Ga. 518; *Hamilton v. Buckwalter,* 2 Yeates, 389; *Jones* v. *Powell,* 6 Johns. Ch. 194; *Evans* v. *Evans,* 3 Yeates, 507; *Parham* v. *Parham,* 6 Humph. 287; *Birmingham* v. *Kirwan,* 2 S. & L. 444; *Apperson's Exr.* v. *Bolton,* 29 Ark. 418; *Lord* v. *Lord,* 23 Conn. 327; *Allen* v. *Chatfield,* 47 id. 276; *Tobias* v. *Ketcham,* 32 N. Y. 319; *Worthen* v. *Pierson,* 33 Ga. 385; *Colgate's Exr.* v. *Cole,* 23 N. J. Eq. 372.

Where an annuity is given to the wife, and made a charge upon real estate of the husband, it will preclude the widow from claiming dower out of the same property. *Arnold* v. *Kempstead,* 1 Amb. 466.

If one devise an annuity to his wife for life, and, subject to the annuity, gives all his lands, etc., to others, the wife shall not have her dower and annuity also. *Willareel* v. *Galway,* 2 Amb. 682; *Jones* v. *Collier,* id. 730.

Rent granted by parol out of the same land in which the widow is dowable bars dower. Coke's Litt. 36 b, note 1, "Dower."

Messrs. GREGORY, BOOTH & HARLAN, for the defendant in error.

Mr. JUSTICE BAKER delivered the opinion of the Court:

The matter of the decree of February 17, 1868, allowing to Maria P. Storey, the defendant in error herein, for her alimony and maintenance, the sum of $2000 per annum, "for so long as she may be and remain sole and unmarried," was before this court at a former term, and it was held that the annual allowance of $2000, to be paid according to the provisions of that decree, did not terminate with the life of the husband, but was binding upon his estate after his death, and should be continued to her so long as she lives and remains sole and unmarried. (*Storey* v. *Storey et al.* 125 Ill. 608.) In the present proceeding for the assignment to her of dower in the same land and premises upon which said annuity was made a lien and charge, various points are made by plaintiffs in error, such as

the sufficiency of the proof to establish the death of Wilbur F. Storey; the competency of the evidence which was introduced to show the seizin by him, during the coverture, of the premises in which dower is claimed; the rendering of a decree against plaintiffs in error, jointly, for damages for detention of dower, and the entering of any decree whatever against Hansen, one of the plaintiffs in error, for damages for the non-assignment of dower, which are merely ancillary to the paramount question at issue, and which, in the view which we take of that question, we may forbear considering.

In this State, the right of a wife to be endowed of a third part of all the lands whereof her deceased husband was seized of an estate of inheritance at any time during the marriage, is a statutory as well as a common law right. Being a clear statutory and legal right, it continues, unless she voluntarily relinquishes it, or it is barred for one of the causes prescribed by the statute, or she is, by some rule of law or equity, precluded or estopped from asserting it. In *Gilbert* v. *Reynolds et al.* 51 Ill. 513, it was held that a widow may, by her *laches,* estop herself from claiming dower. In *Collins* v. *Woods et al.* 63 Ill. 285, and *Allen* v. *Allen et al.* 112 id. 323, it was held that acts and conduct sufficient to constitute an equitable estoppel would bar the right. In *Hoppin* v. *Hoppin,* 96 Ill. 265, it was held that her covenant of warranty against all incumbrances would operate to prevent her from afterwards setting up a claim to dower. In *Torrey* v. *Minor et al.* 1 S. & M. Ch. 489, it was held that a covenant of the ancestor of the widow barred her claim to dower. And in *Skinner et al. Exrs.* v. *Newberry,* 51 Ill. 203, where moneys were due the testator, at his decease, upon executory contracts for the sale and conveyance of real estate, it was said that the widow, "by claiming her share of the purchase money, cuts off her rights of dower in the lands sold."

The divorce of 1868 was granted for the fault and misconduct of the husband, and it was expressly found by the decree

that defendant in error was without fault in the premises. So, as matter of course, under our statute, (Dower act, sec. 14,) the mere entry of the decree for divorce had no effect to deprive her of her inchoate right of dower. But the decree for divorce was followed by a further decree, wherein it was adjudged and decreed that the defendant in the divorce suit pay or cause to be paid, to and for the use of defendant in error, for so long as she may be and remain sole and unmarried, the sum of $2000 per annum, payable in quarterly installments, of $500 each, and further ordered and decreed that the sums of money so allowed her, and for her use, should be a lien and a charge upon the premises which are described in the decree, and in which she is now seeking to get dower.

Dower is the provision which the law makes for a wife out of the lands and tenements of her husband, for her support and maintenance after his death. Alimony is that allowance which is made to a woman, on a decree of divorce, for her support out of the estate of her husband. It is the equivalent of the obligation implied in every marriage contract—that the husband shall furnish his wife a suitable support and maintenance. (*Stillman* v. *Stillman,* 99 Ill. 196.) By the English law, alimony was but an allowance during the joint lives of the husband and wife, and it could not be ordered for the term of the wife's life, because it is a maintenance to her, while the husband's duty to maintain her ceases at his death. (See *Lennahan* v. *O'Keefe et al.* 107 Ill. 620, and authorities there cited.) It was said in that case, that under our statute the power of the court to allow alimony is broader than it was in England, and also said, that the court may, under exceptional circumstances, make an allowance for alimony, once for all, of a sum in gross, or may decree real estate absolutely to the complainant. But no allowance of the character of either of those above indicated was made in the decree of 1868, and the provision therein made for the alimony, maintenance and use of the divorced wife, was an annuity of $2000 for so long

as she may be and remain sole and unmarried, and such annuity was amply secured by making it a lien and a charge upon real estate. The annuity in question is an annuity for life, since it can be determined only by the voluntary act of the annuitant. 4 Coke, 3 a; *Hamilton* v. *Buckwalter,* 2 Yeates, 389.

At the time that the decree was entered for $2000 per annum, defendant in error had two rights, and two only, as against the defendant in the divorce suit, or his property. One was against him, personally, for support and maintenance during their joint lives, and which, if she did not sooner decease, would necessarily terminate with his life; and the other was an inchoate right, to become consummate at his death, to be endowed of the third part of all the lands whereof he had been seized of an estate of inheritance during the coverture. At the same time, the only legal duty which was imposed upon said defendant was one which was correlative to the first of the above mentioned rights, and was the duty to support and maintain her during the joint lives of both. There was no legal duty incumbent upon him that was responsive to the other of said rights of defendant in error, but in place thereof the law itself both gave to her such right, and secured the same to her, but out of his estate, not to take effect, however, until after his decease.

The decree which was entered by the court was responsive to both of these rights of defendant in error, and gave to her the full measure of all that she could lawfully or justly or equitably claim in satisfaction of either and both of the rights with which she was invested. The decree did not in express terms provide that dower should be barred, but such was its evident intention, and the provisions of the bond, trust deed and other instruments in evidence indicate that it was so understood by both of the parties to the suit, and by the court. It was, as appears upon its face, a consent decree, and it ordered and adjudged that the defendant "pay, or cause to be paid, to and for the use of the said complainant, for so long

as she may be and remain sole and unmarried, the sum of $2000 per annum;" etc., and further ordered and decreed "that said sums of money shall be, and they are hereby declared to be, a lien and a charge upon the following premises and lands," etc. The moneys are decreed to be paid "to and for the use of the complainant," and the annuity is extended during the term of her life, and is made a lien and a charge upon the real estate of the defendant, thereby giving her a life estate therein. As matter of fact, the allowance made not only furnished her with alimony proper, but with a full and liberal equivalent for dower. The installments of the annuity that have accrued since the death of the husband, and those that may hereafter become due, were and are based upon no right vested in defendant in error or duty incumbent upon her divorced husband, unless they were and are predicated upon her right of dower. It must be presumed, under the circumstances of the case, that the allowance of $2000 a year for the time intervening the death of said husband and her own death, was in lieu of dower. The decree for support and maintenance was a consent decree, and as such to be regarded as a contract between the parties to the suit. Defendant in error having taken support and maintenance, and still continuing to claim and take support and maintenance, under the contract, and which was and is a charge upon the real estate here in question, she is estopped from also claiming dower in the same land. The contract and her conduct amount to a waiver of dower.

It is a well settled principle, acknowledged at law as well as in equity, that a wife can not have both dower and what is given in lieu of dower. (*Birmingham* v. *Kirwan*, 2 Sch. & L. 444; *Parham* v. *Parham et al.* 6 Humph. 287; *Warfield* v. *Castleman*, 5 T. B. Mon. 517.) In *Lennahan* v. *O'Keefe et al.* 107 Ill. 620, this court said, "that it would require an extraordinary case to justify the postponement of creditors and heirs to the payment of both dower and alimony, currently,

during the life of the divorced wife, and that in very many cases such an order would be equivalent to an entire appropriation of the husband's estate."

The decree is reversed and the cause remanded, with directions to dismiss the petition at the costs of the petitioner.

*Decree reversed.*