Minnie King, Appellant, v. Theodore G. King, Appellee.

Gen. No. 39,071.

Opinion filed May 4, 1937.

WILLIAM C. SCHERWAT and GEORGE R. KATZMANN, both of Chicago, for appellant.

ROBERT E. CANTWELL, JR., of Chicago, for appellee; MARTIN W. GROSSE, of Chicago, of counsel.

MR. PRESIDING JUSTICE JOHN J. SULLIVAN delivered the opinion of the court.

A consent decree of divorce, including property settlement, which provided *inter alia* that defendant, Theodore G. King, pay plaintiff, Minnie King, $10 weekly for two years, commencing January 27, 1936, and $150 attorney's fees within 75 days, was entered January 3, 1936. February 21, 1936, upon plaintiff's petition and notice to defendant's counsel, a rule was entered against defendant returnable March 3, 1936, to show cause why he should not be held in contempt for failure to pay $70 past due under the terms of the decree. The rule was continued until March 6, 1936, when the petition for the rule was denied without any disposition as to the rule itself. Defendant persisted in his refusal to make the payments provided and stipulated in the decree until the arrearages amounted to $190 on April 2, 1936, when, after notice to defendant's counsel, plaintiff filed a petition to vacate the order of March 6, 1936, and for a renewed rule upon defendant to show cause why he should not be held in contempt for such wilful refusal. Defendant was ordered to answer this petition within 20 days and the hearing was set for April 24, 1936. Defendant filed no answer and, after overruling plaintiff's motion that he be held in default for want of an answer, the court heard the sworn testimony of the parties.

Defendant admitted that $190 was due under the decree and that he was able to pay but asserted that he should not be compelled to make payment until certain

alleged papers and books belonging to him and necessary in the conduct of his business as an accountant, which he claimed were taken from his trunk and retained by plaintiff, were turned over to him by her. Plaintiff testified that she did not take and did not retain any of defendant's papers or books.

The order appealed from of May 1, 1936 (*nunc pro tunc* as of April 24, 1936), after finding that "the plaintiff is wilfully withholding the said papers from defendant," directed "that the defendant deposit . . . $190 with the Clerk of the Court to be held there subject to this court's orders with the further order that the Clerk does not pay the said sum to plaintiff until she delivers to the defendant the papers and documents contained in said trunk prior to the time said trunk was broken open by the complainant herein." The order then vacated the rule of April 2, 1936, upon defendant to answer plaintiff's petition of that date, overruled plaintiff's motion for defendant's default for his failure to file a written answer to such petition, denied plaintiff's petition that the trial court "review and reverse" its order of March 6, 1936, and overruled plaintiff's petition of April 2, 1936, for a rule upon defendant to show cause why he should not be held in contempt for his refusal to comply with the terms of the decree.

The decree does not mention defendant's papers or books or any promise by plaintiff to turn them over to him and the real question presented for our determination is whether matters collateral to a consent decree of divorce and having no bearing on defendant's ability or inability to make the payments to his divorced wife provided in such decree, which are raised as an excuse or defense by defendant in a proceeding to enforce such payments, may properly be considered on the hearing of a petition for or the return of a rule to show cause why defendant should not be held in con-

tempt for failure to make payments he agreed to make and which were incorporated in the decree.

That portion of the decree providing for a property settlement was by consent and must be regarded as a contract between the parties. (*Adams v. Storey,* 135 Ill. 448; *Smith v. Smith,* 334 Ill. 370.) While husband and wife may not enter into an agreement for divorce, yet the amount of alimony the husband shall pay to the wife or the amount he shall pay in lieu thereof, the terms of payment and the length of time payment is to be made may be arranged between them by consent. When they agree upon alimony or payments releasing alimony, the court will embody the agreement in its decree and it will thereafter conclude the parties. (*Storey v. Storey,* 125 Ill. 608.) The consent decree did not affect the question of divorce, which is beyond the power of the parties to adjust by agreement or collusion. As a contract it is binding on the parties unless induced by fraud. If so, it must, like any other contract, be attacked by some method recognized by courts of equity for relief from fraud. (*Smith v. Smith, supra.*)

The only excuse offered by defendant upon the hearing of plaintiff's petition for a rule, and the rule itself theretofore issued to compel payments he had agreed to make under the decree, was that plaintiff failed and refused to keep her promise to turn over to him the aforementioned papers and books, which he claimed had been in his trunk. If plaintiff did promise to return to defendant his trunk and the papers, documents and books claimed to have been contained therein, such promise constituted no part of the consideration for the payments he agreed to make to his divorced wife as part of the property settlement of the parties and was entirely extraneous to the matters embodied in the consent decree.

It would be dangerous and unwise to allow a decree to be in effect nullified or modified by the character of defense offered here, and such procedure could result only in interminably prolonging the litigation. Defendant, if aggrieved by plaintiff's alleged retention of papers and books belonging to him and necessary in the conduct of his business, had and has the undoubted right to seek relief in an apt proceeding, but the interposition of such collateral matter as a defense to a proceeding to compel the payment of money due to his former wife under the decree cannot be permitted to impair the obligation of the contract of the parties or detract from the finality of the decree as to the matters determined therein. The only defense open to defendant under the law of this State for his noncompliance was that he could not. He demonstrated his ability to pay the amount due by depositing it with the clerk of the court and he should be compelled to comply with the terms of the decree.

For the reasons stated herein the orders of the superior court of March 6, 1936, and May 1, 1936 (*nunc pro tunc* as of April 24, 1936), are reversed and the cause is remanded with directions to enter a rule upon defendant, returnable within a short day, upon plaintiff's petition of April 2, 1936, to show cause why he should not be held in contempt of court for failure to pay plaintiff $190, the amount he was in arrears to her as of April 2, 1936, under the terms of the decree of divorce granted plaintiff by the superior court January 23, 1936.

*Reversed and remanded with directions.*

FRIEND and SCANLAN, JJ., concur.