ALLEN ANDERSON, Appellant, v. NATHAN FRYE, Appellee.

## APPEAL FROM CALHOUN.

A. sued B. in attachment to recover money paid for land which B. had promised to convey, and for which he had been paid three years prior. B. sought to perpetually enjoin the suit: *Held,* That B. should show an offer to perform according to the terms and conditions of his contract, or give some excuse for his failure and delay.

A party seeking relief in chancery by insisting on a specific performance, must show himself not to be in default, or guilty of gross laches, by delay, etc., or his bill will be dismissed.

APPELLEE, at the May term of the Calhoun Circuit Court, filed his bill in equity, against appellant, stating that on 9th June, 1851, he executed to appellant a penal bond for $200 conditioned that appellee or Mrs. Mary M. L. Miller, should, upon payment by appellant of $50, on or before 1st November, 1851, and $50 on or before 9th June, 1852, with six per cent. interest from date, convey and assure to appellant, by good and sufficient quit-claim deed, the northwest 10, town 10 S., R. 2 W; then the bond to be void, etc. Also, an agreement that if appellant fails to pay at times agreed on, he should forfeit the southwest 9, town 10 S., 2 W. Bill states that appellee has been fully paid for said land. That appellant has sued appellee by attachment in said Calhoun Circuit Court, to recover back the money he has paid appellee, in consequence of failure to make him a deed.

That Frye has always been willing to make a quit-claim deed according to bond; that since the issuing of attachment, he has tendered to Anderson a sufficient quit-claim deed; is still ready to deliver deed, and now brings it into court; that Anderson refuses to receive the deed; prays for injunction of further prosecution of common law suit, and subpœna for Anderson; that court would compel Anderson to receive the deed, and that injunction be made perpetual, and for general relief. Injunction granted until further order of court.

Anderson demurs to said bill for want of equity.

At November term, 1856, WOODSON, Judge, presiding, the court overruled demurrer, and granted perpetual injunction. No decree is made either as to costs of attachment suit, or of this cause.

The errors assigned, question the propriety of this decree.

W. A. & J. GRIMSHAW, for Appellant.

D. A. SMITH, for Appellee.

SCATES, C. J.   Frye obtained a decree enjoining Anderson from proceeding at law to recover back the purchase money paid by him for a certain tract of land.   The question arises upon a demurrer to the bill for an injunction.   The bill shows that defendant sold plaintiff the land in June, 1851, for one hundred dollars; half to be paid in November following, and the balance in June, 1852, under penalty of forfeiting a quarter section of land for a failure, although the money was to be paid with interest, from date of · contract, until paid.   The money was paid.   This bill is filed in May, 1855, to enjoin proceedings at law, by attachment suit on the land for title, to recover back the purchase money.   The court below overruled a demurrer to the bill, and granted a perpetual injunction.   We think this erroneous.   By general principles, he that would ask must do equity ; complainant must come into court with clean hands, and must not only show ability, and willingness then to perform, but a performance, or offer to perform according to the terms and conditions of the contract, or to give some reasonable excuse for delay or failure to do so. Although time is not of the essence of the contract in equity, unless so provided, or intended by the parties. . Yet courts of equity will not affirmatively aid a party to enforce a specific performance, who has been guilty of gross laches and delay, but will leave the parties to their remedies at law.   And, in this respect, there is a great difference between cases where the court is asked to interfere by decree to enforce performance, in which, stronger and clearer proofs of fairness, promptness and eagerness of complainant is required, than is where the court is asked to give relief by withholding any affirmative action.   2 Story Eq. Jurisp. Sec. 769.

In *Fuller* v. *Hubbard*, 6 Cow. R. 13, the special contract had been waived and assumpsit brought for the purchase money paid.   Suit should have been brought on the agreement.   Beside the incumbrance objected to, as a ground for rescinding, was not regarded as authorizing it, or amounting to a breach of the agreement to convey.

The general rules applicable to the facts in the bill, require the party seeking relief by specific performance to show that he has been in no default in not having performed the agreement, and that he has taken all proper steps toward the performance on his part.   If he has been guilty of gross laches, or if he applies for relief, after a long lapse of time, unexplained by equitable circumstances, his bill will be dismissed. 2 Story Eq. Jurisp. Secs. 771, 776 and note 1; *Mason* v. *Richards et al.*, 3 Scam. R. 25; *Doyle et al* v. *Teas et al.*, 4 ibid. 202; *Jefferson County* v. *Ferguson et al.*, 13 Ill. R. 33; *Harrington* v. *Wheeler*, 4 Ves. Jr. R. 686 and notes;

*Marquis of Hertford* v. *Boore* and *Aston* v. *Same*, 5 Ves. Jr. R. 719; *White* v. *Yaw et al.*, 7 Verm. R. 357; *Cleveland* v. *Burton et al.*, 11 ibid. 138; *Goodell* v. *Field*, 15 ibid. 448; *Long* v. *Colston*, 1 Henn. & Munfd. R. 111; *Brown* v. *Witter*, 10 Ohio R. 142; *Brown* v. *Haines et al.*, 12 ibid. 1; *Lewis* v. *Woods et al.*, 4 How. Miss. R. 86.

The defendant, after delaying to do anything for two years and a half, and until suit is brought for the recovery of the purchase money, comes now into a court of equity, asking a perpetual injunction against that action, and that purchaser be compelled to receive a deed; and without showing any equitable excuse for the delay, and without showing that there is no depreciation of the land, or change of circumstances. For anything shown he may have lain by speculating on chances.

Let him, at least, give some reasonable and satisfactory account why he did not convey, or offer to do so in due time, after payment of the purchase money.

As such excuse may exist we will not dismiss the bill, but remand the cause that defendant may amend his bill if the truth will warrant.

Decree reversed and cause remanded with leave to amend bill.

*Decree reversed.*