MARK SKINNER *et al.* Executors and Trustees of
WALTER L. NEWBERRY, deceased,

*v.*

JULIA BUTLER NEWBERRY.

1. WILLS—*when renounced by the widow—she takes one-third of personalty after payment of debts.* The construction to be given to the 10th and 11th sections of our statute of dower, in determining the share of the widow in the personal estate of her deceased husband, where she has renounced his will, is, that she is entitled to one-third of the personal estate after the payment of debts.

2. SAME—*question not affected by the fact that there are children.*—And the fact that there are children, in this case, in no wise affects the question.

3. PERSONAL ESTATE—*what constitutes.* Moneys due a testator at his decease, upon contracts for the sale of real estate, made by him during his life, no deed having been executed, are to be considered a part of his personal estate, the same as other debts due the estate.

4. But the widow by claiming her share of the purchase money, arising out of such contracts, thereby bars her right of dower in the lands sold.

5. And the objection, that those contracts which were liable to forfeiture at the death of the testator, can not be considered as personalty, is without force, since the testator did not assert such right.

WRIT OF ERROR to the Superior Court of Chicago.

This was a suit in chancery, instituted in the Superior Court of Chicago, by the defendant in error, against the plaintiffs in error, the facts in which case are as follows : On the 7th of November, 1868, Walter L. Newberry, of Chicago, died at sea, leaving a widow, the defendant in error, and two daughters, one of whom is an infant of the age of sixteen years. Newberry left an estate of about three millions of dollars, a little more than one-third of which consisted of personal property, and the remainder of real estate, situated in the city of Chicago. By his will, provision was made for the widow and children, but the widow filed a renunciation of the will in her favor, and

elected to take her dower, and her share of the personalty. Accordingly, the defendant in error filed her bill in the court below, claiming not only dower, but also, one-third of all the personalty absolutely, after the payment of the testator's debts. And the principal question presented by this record is: What is the share of the personalty, to which she is entitled? A decree was entered in the court below, giving to complainant, one-third of all the personal estate after the payment of the debts, to reverse which, the record is brought to this court by writ of error.

Mr. EDWARD S. ISHAM, for the plaintiffs in error.

Mr. J. L. THOMPSON, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The main question in this case, is precisely the same which was decided by this court, in the case of *McMurphy* v. *Boyles*, 49 Ill. 110. It is as to the construction to be given to the 10th and 11th sections of our statute of dower, in determining the share of the widow in the personal estate of her deceased husband, where she has renounced his will. In that case, the testator left no children, and it was contended, on behalf of his widow, that she took all the personal estate after payment of debts. On behalf of the devisees, it was insisted "her share" consisted merely of her award of specific property, and her distributive part of unbequeathed personal estate. On the last point we entertained no doubt. Our only difficulty was, whether she was not entitled to the whole personal estate, as in cases of intestacy, there being in that case no children. We finally, however, arrived at the conclusion that the widow does not, by renunciation, take as in cases of intestacy, and that "the share" designed to be given by the statute, was one-third of the personal estate after payment of debts. In this case the widow claims

only one-third, and it is insisted by the executors, as in the other case, that she is entitled only to her award and to her distributive part of unbequeathed personal property. . Our opinion, however, announced in that case, has not been changed by the arguments in this. . The reasons of that opinion were then given, and it is unnecessary to repeat them. The fact that there are children in this case in no wise affects the question.

The minor question here presented, whether moneys due the testator at his decease, upon contracts for the sale of real estate, made by him during his life, no deed having been executed, are to be considered a part of his personal estate, is one about which no doubt can reasonably be entertained, and we suppose it is merely made by counsel in order that the executors may feel no uncertainty as to their responsibilities in the disposition of an estate understood to be very large. We consider these debts as much a part of the personalty as any others that may be due the estate. *Drenkles' Estate*, 3 Barr, 377; *Hawley* v. *James*, 5 Paige, 456; *Fletcher* v. *Ashbruner*, 1 Leading cases in Equity, note, 534. By claiming her share of the purchase money, she cuts off, we have no doubt, her right of dower in the lands sold, and she expressly offers in her bill to release such right. The fact that some of these contracts were liable to forfeiture is immaterial, since the testator did not assert such right.

*Decree affirmed.*