HENRY C. BOTHWELL, Appellee, *vs.* PHILIP C. SCHMIDT, Appellant.

*Opinion filed February 25, 1911.*

1. SPECIFIC PERFORMANCE—*complainant must show that he is not in default.* A party seeking to compel specific performance of a contract to convey land is required to show that he has been in no default in not having performed the agreement and that he has taken all proper steps toward performance on his part, or that he has a reasonable excuse for non-performance.

2. SAME—*party who agrees to convey free from encumbrances must obtain release of mortgage.* A proposed vendor who agrees to convey land free from encumbrance is not in a position to compel the vendee to make final payment and accept a deed until he has secured releases of mortgages on the land.

3. SAME—*what does not show excuse for not releasing mortgages.* In an action for specific performance, where the complainant has not procured releases of mortgages as he had agreed to do, the fact that the mortgagees testify that they are willing to accept the money on the mortgages and release the same does not show an excuse on the part of the complainant for not procuring them, but, on the contrary, shows that he was without excuse for not having secured such releases before filing his bill.

4. SAME—*fact that vendee has refused to perform does not excuse vendor from doing what is required of him.* The fact that the vendee may have refused, without cause, to carry out the contract and attempted to rescind the same relieves the vendor from the necessity of making a tender of the deed, but it does not relieve him of doing the things which he had agreed upon his part to do, in case he desires to file a bill for specific performance.

5. SAME—*when decree is erroneous.* Where the complainant in a bill for specific performance is in default in not having procured releases of mortgages on the land and no reasonable excuse is shown for such default, it is error to decree that he shall recover the purchase price from the defendant, who must pay the same to the clerk of the court within sixty days from the date of the decree, and that the complainant shall, within forty days from the date of the decree, procure releases of the mortgages, record the same and deliver them to the clerk, to be delivered by him, together with complainant's deed, to the defendant.

APPEAL from the Circuit Court of Clay county; the Hon. ALBERT M. ROSE, Judge, presiding.

JOHN LYNCH, CLAUDE O. ELLIS, and T. S. WILLIAMS, for appellant.

JAMES H. SMITH, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

On September 18, 1909, appellant, Philip C. Schmidt, and appellee, Henry C. Bothwell, executed their written agreement, whereby appellee sold and contracted to convey to appellant two hundred and sixty acres of land in Clay county for the sum of $9000, $20 of which was paid at that time, the remainder to be paid on or before October 18 following, at which time appellee was to convey the said real estate to appellant free and clear of all encumbrances, by a good and sufficient warranty deed. At the time the contract was executed there were two unpaid mortgages upon this real estate,—one for the sum of $2000 and one for $400. On October 18, 1909, the appellee tendered a deed to the premises described in the contract, together with an abstract of title to the same. At that time he had not secured a release of either of the two mortgages. Appellant declined to perform his part of the contract. Thereafter appellee filed this bill for specific performance. A hearing was had thereon at the March term, 1910, of the Clay county circuit court and a decree entered granting the relief prayed by the bill. This appeal is from that decree.

Appellant makes numerous assignments of error, but it will be necessary to consider but one of them.

At the time of the filing of his bill, and at the time of the hearing, appellee had not paid or secured the release of the mortgage encumbrances against the realty. By this decree the circuit court provided that appellee have and recover of and from appellant the sum of $8980, with interest and costs of suit, to be paid by appellant within sixty days from the date of the entry of the decree, and that upon the payment of that sum the clerk of the court should deliver

to him the warranty deed executed by appellee and his wife to the real estate involved, which the clerk then had in his custody, and that appellee should, within forty days from the date of the entry of the decree, procure releases, in due form of law, of the said two mortgages and have the same duly recorded and thereupon deliver the same to the clerk, to be by him delivered to appellant, together with said deed, upon the payment by appellant of the sum found to be due from him.

It is contended by appellant that the court, in rendering this decree, has made a new contract for the parties, whereby appellee is given forty days' time after entry of decree to perform his part of the original contract, and appellant is required, in case appellee should see fit to procure releases of said mortgages, to then take the land or suffer the same to be sold by the master in chancery at his risk and expense. Appellant contends that as appellee had not performed his part of the contract, even up to the time of the entry of the decree, he was in no position to compel a performance on the part of appellant. The general rules applicable to the state of facts here shown have been repeatedly announced by this court. A party seeking to compel specific performance is required to show that he has been in no default in not having performed the agreement, and that he has taken all proper steps toward the performance on his part or can show a reasonable and just excuse for non-performance. (*Doyle* v. *Teas,* 4 Scam. *202*; *Scott* v. *Shepherd,* 3 Gilm. 483; *Anderson* v. *Frye,* 18 Ill. 94; *Brink* v. *Steadman,* 70 id. 241; *Short* v. *Kieffer,* 142 id. 258.) The contract specifically provided that the conveyance should be made free and clear of all encumbrances. The appellee has apparently made no effort to secure the release of these mortgages. By this decree he is given forty days to do that which he should have done theretofore. If he fails within that time to secure the release of the mortgages the decree necessarily becomes a nullity. The necessity of making such a provision

before specific performance could be decreed shows conclusively that appellee is in no position to demand the relief prayed.

Upon the hearing appellee testified that prior to the 18th of October, 1909, he had secured the consent of the two mortgagees to accept the money due on their mortgages, respectively, and to release .the same, and that they were still willing to do so. He called as witnesses in his behalf the two mortgagees, who testified that they were willing to accept the amount then due upon the mortgages, respectively, and release them of record. This situation, instead of showing diligence on the part of appellee and a proper effort on his part to comply with the contract, and that he thereby had a reasonable and just excuse for non-performance, showed the contrary. That the mortgagees were willing at all times to accept the money due on their mortgages and release the same has deprived appellee of any possible excuse for not being in a position, at the time fixed for performance, to convey title free and clear of encumbrances.

Appellee contends that subsequent to the making of the contract and prior to the time specified therein for the making of the conveyance the appellant attempted to rescind the contract and notified him that he would not take the land, and therefore appellee was not required to make tender of deed and title as provided for in the contract and as he would have been required to make had appellant been ready and eager to perform. If appellant without cause refused to perform his part of the contract and attempted to rescind the same it would relieve appellee of the necessity of making an actual tender of the deed and title, but it would not relieve him, in case he desired to pursue his remedy for specific performance, of the necessity of being in a position, at the proper time, to fully and completely perform his part of the contract.

Numerous objections have been urged to the title to the real estate involved and to certain provisions of the deed

tendered which it is claimed did not comply with the contract, but in view of the situation in regard to the two mortgage encumbrances which existed and still exist it will be unnecessary to discuss the other points raised. Until he had procured a release of the two mortgages upon this land according to the terms of his contract appellee was not in a position to ask a court of equity to decree specific performance against appellant.

The decree of the circuit court of Clay county is reversed and the cause remanded, with directions to dismiss the bill.     *Reversed and remanded, with directions.*