(No. 14074.—Decree affirmed.)

THE CONGREGATION DORSHE TOV ANSHE POLAND, Plaintiff in Error, *vs.* THE CONGREGATION BNAI DAVID OHAVE ZEDEK *et al.*—(THE CONGREGATION AHAVAS ACHIM *et al.* Defendants in Error.)

*Opinion filed October 22, 1921—Rehearing denied Dec. 13, 1921.*

1. SPECIFIC PERFORMANCE—*complainant must prove the contract and that he is ready, able and willing to perform.* In a proceeding for specific performance the burden is on the complainant to establish the execution of the contract and to show a full and complete performance on his part, or that he is ready, able and willing to perform and has offered to do so.

2. CORPORATIONS—*stockholders may defend suit against corporation if directors or trustees neglect to do so.* Corporation stockholders or members, in behalf of themselves and other stockholders or members, are entitled to defend legal proceedings against a corporation if the directors or trustees of the corporation are willfully or fraudulently neglectful in looking after its interests.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

MAX LUSTER, for plaintiff in error.

WARD & BALDRIDGE, for defendants in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error, Congregation Dorshe Tov Anshe Poland, a religious corporation, filed its bill in the superior court of Cook county for the specific performance of a contract with Congregation Bnai David Ohave Zedek, another religious corporation, in which the former agreed to buy and the latter agreed to sell a synagogue located at 1226-1228 North Claremont avenue, in Chicago, for $19,000. Ahavas Achim, another religious corporation, and Herman Schwartz, Nathan Lefkovits, Jacob Lefkovits and Max E. Wolf, then members of the defendant congregation, were

on their motion made defendants and were permitted to file their answer and cross-bill. The cause was heard on the bill and cross-bill and the answers and replications thereto. A decree was entered by the chancellor dismissing the original bill for want of equity and making no reference to the cross-bill. This writ of error is prosecuted to review that decree.

Congregation Bnai David Ohave Zedek had occupied the synagogue in question several years. January 1, 1917, it engaged a rabbi who persisted in being clean-shaven, who permitted young girls to sing in the choir, who permitted the women of the congregation to sit with the men on certain holidays, and who permitted a piano to be placed in the synagogue. All these things were regarded by the orthodox element of the congregation as profane and much controversy and dissension arose. Part of the congregation desired to change the location of the place of worship and sent out notices to the members of the congregation calling a special meeting for the purpose of deciding whether to sell the synagogue. The proposed special meeting was held November 21, 1917. There is much dispute regarding the number of members present at this meeting. The number is fixed by different witnesses, ranging from 25 to 60. There were at the time 107 members enrolled in the congregation, and the great weight of the evidence shows that less than 40 attended this special meeting. The minutes of the secretary show that the proposition to sell the synagogue was discussed at length and then submitted to a vote. Twenty of those present voted in favor of the sale and none voted against it. A committee was appointed with instructions to attend to the details of selling the synagogue for a sum not less than $17,000. November 30, 1917, plaintiff in error arranged to purchase the synagogue and the contract in question was signed. Plaintiff in error paid $1000 as earnest money, and agreed to pay, within ninety days after the title had been examined and accepted by it, $17,000,

provided a good and sufficient general warranty deed conveying to it a good and merchantable title to said premises was then ready for delivery, and an additional $1000 on or before October 1, 1918. The dissatisfied members protested so strongly against the sale that the vendor congregation refused to carry out the contract. March 25, 1918, plaintiff in error served a notice on the vendor congregation advising it that plaintiff in error would be at room 920 Unity building, Chicago, at five o'clock P. M., March 29, 1918, for the purpose of carrying out the terms of the contract, and further stating that it would at that time and place tender to the vendor the balance of the consideration mentioned in the contract. The vendor failed to appear and plaintiff in error filed its bill. June 12, 1918, Congregation Bnai David Ohave Zedek filed its answer, admitting "each and all of the allegations as set up in complainant's bill of complaint." As we have said, certain members of the defendant congregation petitioned in their own behalf, and in behalf of all members of the congregation similarly situated, for leave to be made parties defendant and to file their cross-bill. The prayer of this petition was granted and the cross-bill was filed, alleging that a majority of the membership of the congregation constituted a quorum and that a quorum was not present at the special meeting that authorized the sale of the property; that the congregation has never legally authorized the sale and that the contract of sale was the result of a conspiracy between the plaintiff in error and the officers of the defendant corporation; that plaintiff in error had never tendered the consideration mentioned in the contract of sale, and that plaintiff in error was not able to carry out the terms of the contract which provided that it should secure the payment of the $1000 due October 1, 1918, by a mortgage or trust deed on the real estate because plaintiff in error on the seventh day of January, 1918, executed its trust deed on said real estate securing its note for $12,000 and caused said trust

deed to be recorded.   On the trial plaintiff in error offered in evidence the answer of Congregation Bnai David Ohave Zedek filed June 12, 1918, a deed executed August 7, 1918, by the defendant congregation conveying to Congregation Ahavas Achim the property in question, and certain documents showing the resignation of certain members of the defendant congregation, and a witness to show that cross-complainant Herman Schwartz did not appear on the books of the defendant congregation as one of its members.   This was all the evidence offered by plaintiff in error.

The rule established in this State by repeated decisions is, that one must show that he is ready, able and willing to perform a contract on his part before he is entitled to a decree for specific performance of the contract.   *(Bothwell* v. *Schmidt,* 248 Ill. 586; *Wood* v. *Sheffer,* 248 id. 617; *Cable* v. *Hoffman,* 273 id. 272; *Willhite* v. *Schurtz,* 294 id. 309.)   In a proceeding for specific performance the burden of proof is on the complainant to establish the execution of the contract on which he relies and to show a full and complete performance or offer to perform on his part. *(Tryce* v. *Dittus,* 199 Ill. 189.)   Plaintiff in error has failed completely to prove that it has performed its part of the contract or that it is ready to perform, able to perform or willing to perform the contract on its part.   It seems to rely altogether upon the answer of Congregation Bnai David Ohave Zedek admitting the allegations of the bill.   After defendants in error were permitted to intervene, the real parties to this litigation were plaintiff in error and the intervening parties.   Corporation stockholders or members are entitled to defend legal proceedings on behalf of themselves and other stockholders or members for the benefit of the corporation if the directors or trustees of the corporation are willfully or fraudulently neglectful in looking after its interests.   *(Gunderson* v. *Illinois Trust and Savings Bank,* 199 Ill. 422; 7 R. C. L. 333.)   There being an entire want of proof of those facts necessary to

be proven in order to entitle plaintiff in error to a decree, the chancellor could do nothing but deny specific performance.

The decree of the superior court is affirmed.

*Decree affirmed.*

---

(No. 14062.—Reversed and remanded.)
JOSEPH GOLDSMITH, Appellant, *vs.* JOHN BARTON PAYNE, Director General of Railroads, Appellee.

*Opinion filed October 22, 1921—Rehearing denied Dec. 13, 1921.*