MARTIN GARBELMAN, Plaintiff in Error, *vs.* EMMA HOFF-
MAN *et al.* Defendants in Error.

*Opinion filed December 21, 1927.*

SPECIFIC PERFORMANCE—*vendor must prove ability to convey
merchantable title.* A vendor suing for specific performance of a
contract for the sale of land must allege and prove that at the time
of the commencement of the suit he was able, ready and willing
to perform his part of the contract; and where the pleadings raise
the issue of title he will not be entitled to performance where the
abstracts of title introduced in evidence show title outstanding in
other parties to a portion of the land, without showing whether
such persons are living or dead or whether their heirs are living
or dead, and where they also show that the land is encumbered for
more than the amount stated in the contract.

WRIT OF ERROR to the Circuit Court of DeKalb county;
the Hon. JOHN K. NEWHALL, Judge, presiding.

T. M. CLIFFE, for plaintiff in error.

AL. A. CLAPSADDLE, and BUTTERS & BUTTERS, for de-
fendant in error Emma Hoffman.

Mr. CHIEF JUSTICE HEARD delivered the opinion of the
court:

April 13, 1921, plaintiff in error, Martin Garbelman,
filed his bill in chancery, in the circuit court of DeKalb
county against defendant in error Emma Hoffman for the
specific performance of a contract of sale dated Septem-
ber 4, 1920, of certain land named in the contract, situated
partly in DeKalb and partly in Kane county. Mrs. Hoff-
man answered the bill denying that plaintiff in error was
entitled to the relief sought, and also filed a cross-bill ask-
ing for a decree that the $2000 cash payment made by her
at the time of the execution of the contract be refunded.

328—13

An answer was filed to the cross-bill, and the cause was referred to the master in chancery to take and report proofs and his conclusions thereon. After the proofs were taken before the master in chancery plaintiff in error procured an order of court allowing an amendment of the original bill by making Marie Garbelman a defendant, and on February 15, 1923, caused to be filed in said proceeding the entry of appearance of Marie Garbelman as a defendant, in which appearance it was recited that she waived the issuance and service of summons and consented that a decree be entered in the cause granting the prayer of the bill. The appearance recited that she held title of record with Martin Garbelman as tenant in common to the premises in controversy. The master filed a report, and the objections thereto, which had been overruled, were ordered to stand as exceptions. Thereafter Judge Slusser, who was then presiding, entered an order overruling the exceptions, and an entry was made on the judge's docket, "Decree signed." No decree was signed by Judge Slusser. Thereafter a motion was made to set aside the order overruling the exceptions to the master's report, which was done, and upon leave of court plaintiff in error amended his bill. An additional answer was filed by Mrs. Hoffman denying the allegations of the amended bill, and on December 22, 1924, the cause was referred to another master in chancery to take the proofs and report his conclusions as to both law and fact. The parties introduced further evidence, among which was the entry of appearance of Carrie Baie, in which she recited that she was now the owner of the legal title of the property in controversy described in the bill, and that she agreed to abide by, conform to and carry out any decree which the circuit court might render in the cause. Thereafter the master in chancery filed his report, with his conclusions, recommending a decree in favor of plaintiff in error. Objections of Mrs. Hoffman filed before the master and overruled by him were allowed to stand as excep-

tions in the circuit court. The chancellor sustained the exceptions to the master's report and entered a decree dismissing both the bill and cross-bill for want of equity, from which decree plaintiff in error has brought the case to this court by writ of error.

The evidence in this case shows that on September 4, 1920, plaintiff in error and Mrs. Hoffman entered into a written contract whereby plaintiff in error agreed to sell and convey to Mrs. Hoffman in fee simple, clear of all incumbrances whatever, by a good and sufficient deed, and she agreed to purchase, the premises in question for the sum of $49,025, payable $2000 cash in hand and the balance March 1, 1921, except a mortgage of $35,877, which was to remain on the farm four years from March 1, 1921. The contract contained a provision that an abstract of title was to be furnished the party of the second part on or before November 1, 1920, for her examination and approval, and if found defective all defects to be corrected on or before March 1, 1921. It also provided that insurance was to be turned over to Mrs. Hoffman. Time was made of the essence of the contract. Plaintiff in error did not furnish to Mrs. Hoffman on or before November 1, 1920, an abstract of title, but did leave the same for her at a bank about December 20, 1920. She never received this abstract and never examined it for imperfections. She went to California about the middle of November, 1920, and returned to this State March 13, 1921. On March 17, 1921, plaintiff in error went to the home of Mrs. Hoffman, taking with him a deed to the premises in question signed by himself and his wife, Marie Garbelman, and told her that she could have the deed when she was ready to hand over the money. Plaintiff in error testified that on that occasion Mrs. Hoffman said, "I will have the abstract looked over, and if I can fix up for the money I will settle to-day for it." Plaintiff in error returned on the 24th of March, and at that time Mrs. Hoffman told him that

she wasn't going to take the farm, as her attorney told her she didn't have to. It is conceded by plaintiff in error that at the time of the execution of the contract, and at the time of the commencement of this suit, Marie Garbelman had an undivided one-half interest in the premises in question.

Much of the evidence in the case was upon the question whether or not Mrs. Hoffman had waived the provision of the contract with reference to the furnishing of an abstract of title, and much space is devoted in the arguments to that question. In the view we take of this record it is not necessary to consider that question. Even if Mrs. Hoffman was in default in the performance of the conditions of the contract to be performed by her, before plaintiff in error would be entitled to a decree for specific performance of the contract he must allege and prove that at the time of the commencement of the suit he was able, ready and willing to perform his part of the contract. *Hayne* v. *Fenton,* 321 Ill. 442.

One of the issues in the case made by the pleadings was whether or not plaintiff in error had a merchantable title to the premises in question. The evidence shows that a portion of the premises was originally entered December 31, 1845, by William Griffith, and it nowhere appears in the record that he ever afterwards parted with his title to it. The next deed in the chain of title is dated March 20, 1854, and is from parties who are not shown by the record to have had any title at that time. The court in its decree found that as to a material portion of the premises plaintiff in error did not have a connected chain of title of record from the government of the United States and that there appeared nothing upon the record of the title in the counties where the land was situated showing a defensive title in plaintiff in error so as to vest in him a title by prescription or limitation under the statute in this State, and that there were such flaws and imperfections in the title that

under the law in this State plaintiff in error could not convey to Mrs. Hoffman a merchantable title to the premises at any time prior to the conclusion of the proofs in the case. Plaintiff in error practically concedes that he did not have title to a portion of the land, as after the order overruling the exceptions to the first master's report had been vacated he amended the prayer of his bill by inserting, "and that in case, on a hearing of said cause, that the title of any inconsiderable portion of said premises not necessary to the enjoyment thereof should fail or found not merchantable or marketable, that under the facts and circumstances in this case that the complainant be awarded a specific performance, and that the defendant be given compensation to be fixed by the court as to that part of which the title fails." The burden rested upon plaintiff in error to show that the finding and decree of the circuit court were erroneous and to file in this court an abstract sufficient to make such error manifest without compelling this court to inspect the original transcript of record. Plaintiff in error has attempted to show title in himself and Marie Garbelman by the introduction in evidence of two abstracts, one of the Kane county land and one of the DeKalb county land. As abstracted by plaintiff in error these abstracts fail not only to show that he and Marie Garbelman had a merchantable title to the premises, but, on the contrary, the only deed that is shown to him is from a party who is not shown by the abstract to be in any manner connected with the chain of title. The abstracts also show title outstanding in other parties if they are living, or in their heirs if they are dead, without showing whether such persons are living or dead and without proof as to who were the heirs of such parties, if they are dead. The abstracts also show encumbrances far in excess of $35,877.

Plaintiff in error having failed to show that he was at the time of the commencement of the suit able and ready

to convey to Mrs. Hoffman, by warranty deed, a merchantable title in fee simple to the premises in question, and having failed to make manifest by his abstract of record any error of the circuit court in the rendition of the decree, the decree is affirmed.

*Decree affirmed.*