Solomon Iron & Metal Company, Inc., a Corporation, Plaintiff-Appellant, v. C. A. Bradford, Defendant-Appellee.

Gen. No. 61–O–14.

Fourth District.

January 26, 1962.

Lansden & Lansden, of Cairo, for appellant.

C. Robert Hall, of Cairo, for appellee.

CULBERTSON, J.

The action before us on appeal arose from the trial of a case without a jury, based on a suit on a promissory note of $5,000. Plaintiff, Solomon Iron & Metal Company, Inc., was the owner and holder of the note which was given by defendant, C. A. Bradford, under the terms of a written contract for deed whereby the plaintiff contracted to convey real estate in Cairo, Illinois. Defendant, in the answer filed in the cause, denied that the plaintiff was entitled to judgment for the amount of the note representing the balance of the purchase price of the real estate on the ground that there has been a rescission or forfeiture of the contract by the acts of the parties or by the terms of the contract itself, and therefore, that defendant is no longer liable for the balance of the purchase price. The Trial Court denied recovery to the plaintiff and also denied relief to defendant on a counterclaim for the amounts which had been paid by the defendant on the contract. No appeal is taken from such denial of recovery by defendant on the counterclaim.

On appeal in this Court the plaintiff contends that there was no rescission or forfeiture and that the provision in the contract providing for a so-called automatic forfeiture in the event of a default, is to be construed to mean that a forfeiture can be invoked only at the option of the party who is not in default. Defendant contends that the contract in question was

453

effectively rescinded or forfeited by the acts of the parties at the time and following surrender of the property by defendant to the plaintiff, or that in the alternative, the contract itself fixed the effect of default by defendant and limited plaintiff's right in such event to forfeiture of the contract and retention of the payments previously made, which provision was acted on by the parties to the contract.

A written contract for deed had been executed by the parties on November 5, 1956, and at the same time defendant gave plaintiff the note provided for in the contract for the balance of $5,000, payable in semi-annual installments of $500, together with interest. Defendant went into possession of the premises. The first payment of principal and interest was made, but no further payments of either principal or interest were made. On October 15, 1957 defendant vacated and moved from the property, and at the time he moved he had a conversation with the president of plaintiff Company and surrendered to him all the keys to the locks in the buildings. Nothing is shown of record as to what the president of the plaintiff Corporation said at the time, but the record does show that he did not assert that the contract was in force and accepted surrender of the keys and the premises. After the surrender of the keys to the plaintiff's president, plaintiff drew a draft on defendant for the installment due upon the note and contract, in an amount in excess of the amount which would have been due at such time if the contract was still in force. The draft was not paid, but was returned "payment refused." On November 7, 1957, after plaintiff had drawn the draft on defendant, plaintiff tried to work out a deal to sell to another party, and defendant was called into the negotiations for the purpose of removing any questions as to the contract for deed, although

454

defendant did not contend at that time that he had any rights under the contracts.

The contract itself contained a provision that in the event of default "without any declaration of forfeiture," and without any other acts by the seller to be performed, "and without any right of the buyer of reclamation or compensation for money paid or improvements made," the contract shall be null and void from the date of such default, as fully, absolutely, and perfectly as if the contract had never been made, and that the premises should be yielded up to the seller. It is apparent that a vendor cannot at the same time forfeit or rescind a contract and also insist upon payment of the purchase price (Wollenberger v. Hoover, 346 Ill 511, 544, 179 NE 42). It is pointed out that the remedy based on the theory of affirmance of a contract is inconsistent with the remedy arising out of the same facts based on a contrary theory of disaffirmance or rescission. Obviously if a vendor cancels the contract he cannot inconsistently continue the liability of a purchaser for the purchase money.

It is also claimed that whether a contract has been forfeited or rescinded, or whether a clause in a contract providing for forfeiture or rescission, has been implemented by the parties, is a question of fact which may be deduced from circumstances or course of conduct clearly showing such rescission or forfeiture, and a finding of the Trial Court to such effect, would not be disturbed on appeal if supported by the evidence (Hayne v. Fenton, 321 Ill 442, 447, 151 NE 877). In the case before us, after defendant had surrendered the property and the keys to plaintiff, and the keys and surrender had apparently been accepted without protest, plaintiff tried to work out a deal for sale of the property at which time defendant indicated he claimed no rights under the contract and

455

defendant willingly cooperated in offering to execute any releases to accommodate the prospective purchaser. Plaintiff also hired a watchman to look after the property, and installed a block mill on the property which had begun operating shortly after the surrender. It placed a new roof on the building used for the mill; machinery was installed; and new window frames, doors, and floors were put in; and for a time some people were living on the property and using the dwelling and yard to park trucks and other articles on the property. No attempt was made at any time by plaintiff to account for any rents or profits resulting from occupancy of the property, and such possession of the property had continued for a period of more than two years after possession was originally retaken by plaintiff and before the present action was filed.

Contention is made in this Court that the so-called automatic forfeiture clause would be ineffective unless the plaintiff would declare a forfeiture. Even assume the forfeiture clause in the contract would not have exclusively governed plaintiff's rights upon a default by defendant, the conduct of plaintiff in the instant case justified defendant in considering that the forfeiture had been mutually agreed upon and that defendant had no further rights with respect to the contract since plaintiff, by its conduct, manifested a design and apparent desire to take advantage of the provision in the contract, and both parties by their conduct apparently implemented and carried into effect such forfeiture clause. Assuming that until plaintiff manifested a design to terminate the agreement, it might still be binding upon the parties, once that intention is manifested, as stated by the Court in Moore v. Smith, 24 Ill 513, 516, the contract, under the facts before us, would cease and neither of the parties could thereafter insist upon its enforcement. In

Chrisman v. Miller, 21 Ill 226, 235, after a default the Court determined that the act of offering the land for sale and entering it in their sale book, or any other act showing that the owner considered the contract as terminated, or treated it as terminated, was sufficient to put an end to it and deprive the buyer under the contract for deed of a right to claim its performance, and similarly, would deprive the seller of the right to sue upon the covenants contained in it. As to the circumstances that the note was not returned to defendant, where the contract fixed the effect of default and where the parties acted upon such default so as to confirm a forfeiture of the contract, the return of the note or notes was not required, and retention of the note would not operate to avoid the forfeiture (Phelps v. Illinois Cent. R. Co., 63 Ill 468). In the case before us the forfeiture clause was clear and unambiguous, and the conduct of the parties indicated that both plaintiff and defendant acted affirmatively to implement such clause. It provided that upon default, purchaser's rights were terminated, and that purchaser would lose all rights to payments which he had made, that he would then surrender the premises, and that there would be no further obligation as to the balance of the purchase price. While there was no formal declaration of forfeiture, the forfeiture clause itself expressly negated any necessity therefor, and in absence of any conduct of plaintiff inconsistent with implementation of such forfeiture, it became apparent that the parties in fact were carrying into effect the terms of the clause.

This cause is distinguishable from the case of Mason v. Caldwell, 5 Gilm (10 Ill) 196, 200, cited by plaintiff, in which the Court concluded that plaintiff had an option to declare a forfeiture by the terms of the contract. We have quoted the specific language contained in the contract before us and need only ob-

serve that parties may contract as they see fit, and if they determined in fact that the purchaser would have an option to terminate this type of contract, even though it results from his own default, our Courts have respected such contractual undertaking. In the case of Sessa v. Olson, 350 Ill App 588, 113 NE2d 190, where a contract provided that either party could declare the contract void, under certain circumstances the purchasers were entitled to declare the contract void, and there was no principle of law or equity which would prevent them from doing so.

We, therefore, feel that the judgment of the Circuit Court of Alexander County was proper under the record before us, and should be affirmed.

Judgment affirmed.

HOFFMAN, P. J. and SCHEINEMAN, J., concur.