First Arlington National Bank *et al.*, Plaintiffs-Appellees, *v.* Addison Brookwood Country Club, Inc., *et al.*, Defendants.—(Raymond A. Fencl, Defendant-Appellant.)

(No. 59874; ▮▮▮▮▮▮▮▮)

First District (3rd Division)—July 17, 1975.

Thomas F. Pierce, of Chicago, for appellant.

Vincent F. Lucchese and David Brandwein, both of Chicago, for appellees.

Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:

Appellant, Raymond A. Fencl, appeals from an order of the circuit court of Cook County which denied his attorney's motion to enter an appearance on behalf of defendant Addison Brookwood Country Club, Inc., and from a default judgment entered against the corporation in favor of plaintiffs.

We affirm.

We begin by noting that appellant's counsel reportedly died some time before oral arguments were scheduled for this case, and appellant has not notified this court of his decision to pursue his appeal.

The pleadings contained in the record reveal the following pertinent facts. On March 11, 1972, plaintiffs loaned a sum of money to the de-

fendant corporation. The note was signed by two brothers, Richard and Raymond, individually and as president and secretary, respectively, of the defendant corporation. The corporation defaulted on the note and plaintiffs brought this action against the corporation and Raymond Fencl on the note. Richard Fencl died before the institution of the lawsuit, but the executor of his estate was added as a party defendant upon motion of Raymond Fencl.

The corporation was served with summons, but did not file an appearance. The executor of the estate refused to file an appearance on behalf of the corporation. Raymond Fencl's attorney presented to the trial court a motion for leave to file an appearance on behalf of the corporation. The motion alleged that although Richard Fencl was the sole stockholder of record, he was holding the stock as trustee for himself, his brother and sisters, pursuant to a trust indenture. The trial court denied the motion, granted plaintiffs' motion for a default judgment against the corporation, and dismissed the executor of the ·estate as a defendant. Defendant Raymond Fencl appeals from certain parts of the trial court's order pursuant to the finding made under the provisions of Supreme Court Rule 304(a).

■■ The legal issue on appeal is whether a person who claims to hold a beneficial interest in corporate shares is entitled to represent the corporation in a lawsuit. Appellant cites *Congregation Dorshe Tov Anshe Poland v. Congregation Bnai David Ohave Zedek* (1921), 300 Ill. 115, as authority for its position, but that case holds only that legal stockholders of record are entitled to defend legal proceedings on behalf of the corporation "if the directors or trustees of the corporation are willfully or fraudulently neglectful in looking after its interests." (300 Ill. 115, 118.) Only the legal stockholder in the instant case, the executor of the estate of Richard Fencl, could have represented the corporation under the facts before us, but the executor refused to defend the corporation. The remedy sought by motion to represent the corporation is not authorized. The trial court properly denied the motion in question.

■■ Since appellant does not represent the corporation, he cannot be heard to appeal from the default judgment entered against the corporation and in favor of plaintiffs.

Accordingly, the order of the circuit court of Cook County is affirmed.

Order affirmed.

McNAMARA and MEJDA, JJ., concur.