STEVEN CLAYTON, Plaintiff-Appellee, *v.* MIMMS & CO., Defendant.—
RICHARD BRUNI, Plaintiff-Appellee, *v.* MIMMS & CO., Defendant.—
(RAYMOND GRAHAM *et al.*, Petitioners-Appellants.)

First District (3rd Division)   Nos. 77-1554, 77-1555, 77-1692, 77-1693 cons.

Opinion filed January 24, 1979.

Edward T. Joyce, Ltd., of Chicago (Edward T. Joyce and Mary Anne Spellman, of counsel), for appellants.

Keith & Greenblatt, of Chicago (Joseph A. Macalusco and Lewis B. Greenblatt, of counsel), for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

The petitioners, Raymond G. Graham and James T. Rodgers, who are minority stockholders of the defendant corporation, appeal from an order of the circuit court of Cook County denying their petition to vacate

judgments by confession entered against the defendant, Mimms & Co. In denying their petition, the trial court held that petitioners lacked standing to challenge the judgments. Petitioners also appeal from the trial court's order requiring supersedeas bonds in the amount of $1,500 for each case.

Defendant is a corporation organized to engage in the real estate brokerage business. Until January 1977, the sole officer and majority stockholder of defendant was Frank W. Mimms. Petitioners were the only other stockholders.

On January 19, 1977, Frank Mimms executed promissory notes on behalf of the company payable on demand to plaintiffs, Steven Clayton and Richard Bruni. The notes each contained a clause authorizing an attorney to enter a judgment by confession against defendant. On February 4, 1977, judgments by confession were entered in favor of plaintiffs against defendant. On March 10, 1977, these judgments were confirmed.

Garnishment summons was served on Spivack & Lasky, a law firm holding $16,000 of defendant's funds deposited with the law firm by petitioners. Conditional judgments were entered in the garnishment court against Spivack & Lasky on March 31, 1977.

On the same date, petitioners filed a stockholders' derivative action in chancery seeking an accounting and injunctive relief. In their complaint, petitioners charged that plaintiff Clayton had been hired by Mr. Mimms in June 1976 as his personal employee. When Mimms defaulted on his personal obligation to Clayton, petitioners alleged that Mimms caused defendant to allow a confession judgment to be entered against it to satisfy his personal debt to Clayton. Petitioners charged that plaintiff Bruni was hired to work for defendant at a specified amount of compensation. The complaint recited that Bruni had been overpaid and that defendant owed him nothing. Petitioners alleged that, nevertheless, Mimms permitted the confession judgment to be entered in favor of Bruni against defendant. In both cases, petitioners claimed that Mimms had executed notes on behalf of defendant payable to plaintiffs and that such notes were without consideration. Petitioners prayed for an order enjoining plaintiffs from attempting to collect their judgments from defendant and from further prosecuting their garnishment actions against Spivack & Lasky. Petitioners also requested an order requiring the funds held by Spivack & Lasky to be deposited with the court pending the disposition of petitioners' action.

Garnishment summons after conditional judgment was served on Spivack & Lasky on April 13, 1977. In its response to the garnishment summons, the law firm stated that it was merely a stakeholder of the funds furnished it by petitioners and, because of a dispute among defendant's

stockholders as to ownership of the funds, the law firm did not know who was entitled to the funds. Spivack & Lasky requested the garnishment court to dismiss the conditional judgment against it. On May 19, 1977, over petitioners' objection, the judge in the garnishment proceedings ordered Spivack & Lasky to turn over the funds in its possession to plaintiffs' counsel.

On May 20, 1977, petitioners appeared before the chancery division of the court in their stockholders' derivative action and sought unsuccessfully to enjoin plaintiffs from enforcing their judgments by confession. On May 25, 1977, petitioners filed their verified petition to open the judgments by confession pursuant to Supreme Court Rule 276. (Ill. Rev. Stat. 1977, ch. 110A, par. 276.) The petition alleged substantially the same facts with respect to plaintiffs' claims as did the complaint filed in the derivative action. A copy of that complaint was attached to the petition. The petition also recited that the judge in the chancery division had advised petitioners to proceed with the petition in the branch of the circuit court which had entered the judgments. On May 26, 1977, the trial court denied the petition on the ground that petitioners failed to file a verified answer on behalf of defendant to plaintiffs' claims. On June 2, 1977, petitioners filed their verified answer setting forth defendant's defenses to plaintiffs' claims and again presented their petition to open the judgments by confession. On August 18, 1977, the trial court denied the petition on the sole ground that petitioners lacked standing to maintain it. Petitioners challenge the correctness of that ruling.

Petitioners maintain that they, as minority stockholders, stand to be adversely affected by the judgments entered against defendant. They also argue that they have exercised due diligence in seeking to set aside the judgments and have presented a petition and answer which demonstrate that defendant has a meritorious defense to plaintiffs' claims.

■■ Generally, those entitled to seek relief from final judgments "must be either a party to such judgment or decree or privy to it, or be directly, injuriously and necessarily affected by it \* \* \*." (*In re Burdick* (1896), 162 Ill. 48, 44 N.E. 413; see also *People v. Nakielny* (1935), 279 Ill. App. 387.) Although the aforementioned cases were decided under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72), we believe the holdings relative to persons entitled to seek relief are equally applicable to proceedings under Supreme Court Rule 276.

■■ ■ Under general principles of corporate law, stockholders may defend or intervene in an action when the corporation has a meritorious defense to a claim and, through the fraudulent acts of its directors, either fails or refuses to assert it. (*Price v. Gurney* (1945), 324 U.S. 100, 89 L. Ed. 776, 65 S. Ct. 513; *Congregation v. Congregation* (1921), 300 Ill. 115, 133

N.E. 48; see also *First Arlington National Bank v. Addison Brookwood Country Club, Inc.* (1975), 30 Ill. App. 3d 729, 332 N.E.2d 443.) Petitioners here alleged that plaintiffs obtained their judgments by fraudulent collusion with Mr. Mimms who was at the time the sole officer and majority stockholder of defendant. We perceive no material distinction between allowing a stockholder to defend or intervene in a suit before judgment and permitting stockholders to maintain a petition to open a judgment by confession after it has come to their attention. In either case, the corporation is protected against spurious suits because it must be alleged and proved that the directors or officers are guilty of a wilful or fraudulent act by failing or refusing to assert a meritorious defense available to the corporation. The authorities cited by appellees for the proposition that stockholders lack standing to seek to vacate a judgment against a corporation, *Anderson v. Steger* (1898), 173 Ill. 112, 50 N.E. 665; *In re Burdick* (1896), 162 Ill. 48, 44 N.E. 413; *Frandsen v. Anderson* (1969), 108 Ill. App. 2d 194, 247 N.E.2d 183, are inapposite. They involve attempts by a person, not a party to the action and who does not stand to be directly injured by the judgment, to maintain a section 72 petition. These cases are readily distinguishable from the situation where stockholders seek to open a judgment by confession which adversely affects their interests in the corporation. We hold that stockholders have standing to open a judgment by confession procured through the fraudulent conduct of its directors or officers. See *Manahan v. Petroleum Producing & Refining Co.* (1921), 198 App. Div. 192, 189 N.Y.S. 127.

■ We find no merit in appellees' contention that petitioners did not demonstrate due diligence in seeking to open the judgments by confession. Appellees maintain that although petitioners learned of the judgments on March 31, 1977, they did not file their petition until May 25, 1977. Petitioners, on March 31, 1977, filed their stockholders' derivative action seeking, in addition to other relief, to enjoin plaintiffs from enforcing these judgments. When that relief was denied to petitioners and when that judge directed petitioners to seek the present relief, they filed their verified petition to open the judgments immediately. Petitioners' attempts to obtain relief in their derivative suit are evidence of their diligence in seeking relief from the judgments by confession. We believe the trial court erred in denying petitioners the opportunity to present a defense on behalf of defendant.

Petitioners also contend that the trial court erred in setting a $1,500 appeal bond in each case. In view of our holding we consider it unnecessary to discuss the issue. Nevertheless, we believe the trial court acted properly in setting the appeal bonds.

For the foregoing reasons, the order of the circuit court of Cook

County denying the petitioners' petitions to open the confession judgments rendered in favor of plaintiffs and against defendant is reversed, and the causes are remanded for further proceedings, the judgments to stand as security.

Reversed and remanded.

JIGANTI and McGILLICUDDY, JJ., concur.